# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KWAME T. DAVID, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-7628(JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY, DAVID OWENS, and CAMDEN COUNTY BOARD OF FREEHOLDERS, | **OPINION** |
| Defendants. | |

APPEARANCES:

Kwame T. David, Plaintiff Pro Se
1048 S. 4th Street
Camden, NJ 08104

**SIMANDLE, District Judge:**

## I.   INTRODUCTION

1.   Plaintiff Kwame T. David seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"), David Owens ("Owens"), and the Camden County Board of Freeholders ("BOF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any

claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; (2) dismiss the Complaint without prejudice for failure to state a claim regarding unconstitutional conditions of confinement from (a) overcrowding, (b) food service, (c) rodents and insects, and (d) inadequate medical care, 28 U.S.C. § 1915(e)(2)(b)(ii); and (3) allow the Complaint to proceed as to Plaintiff's claim against Owens and BOF for unconstitutional conditions of confinement from unsanitary living spaces.

## II.  DISCUSSION

### A. Claims Against CCCF: Dismissed With Prejudice

4.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6.    Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

**B. Conditions Of Confinement Claims Regarding Overcrowding: Dismissed Without Prejudice**

8. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a

claim as to overcrowded conditions of confinement. 28 U.S.C. §
1915(e)(2)(b)(ii).

9. The present Complaint does not allege sufficient facts
to support a reasonable inference that a constitutional
violation has occurred in order to survive this Court's review
under § 1915. Even accepting the statements in Plaintiff's
Complaint as true for screening purposes only, there is not
enough factual support for the Court to infer a constitutional
violation has occurred from supposed overcrowding during
Plaintiff's confinement at CCCF.

10. To survive *sua sponte* screening for failure to state a
claim[3], the Complaint must allege "sufficient factual matter" to
show that the claim is facially plausible. *Fowler v. UPMS
Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct

---

[3] "The legal standard for dismissing a complaint for failure to
state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the
same as that for dismissing a complaint pursuant to Federal Rule
of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-
1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017)
(citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.
2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000));
*Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012)
(discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*,
287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. §
1915A(b)).

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308
n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007)). Moreover, while *pro se* pleadings are liberally
construed, "*pro se* litigants still must allege sufficient facts
in their complaints to support a claim." *Mala v. Crown Bay
Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation
omitted) (emphasis added).

11.   A complaint must plead sufficient facts to support a
reasonable inference that a constitutional violation has
occurred in order to survive this Court's screening under §
1915.

12.   However, with respect to the alleged facts giving rise
to Plaintiff's claims, the present Complaint states: "While
being housed at the jail, the plaintiff was given a thin
mattress, 2 sheets and one blanket, and was housed in a[n]
overcrowded two man cell with 3 other inmates. Plaintiff slept
on dirty floor next to and/or near the toilet . . . Plaintiff
was forced to eat meals off of dirty trays from the kitchen . .
. Plaintiff broke out in rashes due to dirty showers that have
fungus in them and mold . . . Plaintiff slept on dirty
blankets." Complaint § III(C).

13.  Plaintiff states that these events occurred "Sept. 22 – October 2, 2016." *Id*. § III(B).

14.  The Complaint alleges that Plaintiff suffered "breakout on face and chest and back from dirty showers[,] blankets and sheets" in connection with these events. *Id*. § IV.

15.  With respect to damages sought, Plaintiff "will leave monetary relief up to the courts" in connection with his claims. *Id*. § V.

16.  Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded

conditions, for a pretrial detainee, shocks the conscience and thus violate due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18. Furthermore, Plaintiff has not pled sufficient facts to impose liability on the BOF, as this defendant is not a separate legal entity from Camden County and is therefore not independently subject to suit. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled sufficient facts to impose liability on Camden County. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional

violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006)

(citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,

691 (1978)). *See also Collins v. City of Harker Heights*, 503

U.S. 115, 122 (1992) ("The city is not vicariously liable under

§ 1983 for the constitutional torts of its agents: It is only

liable when it can be fairly said that the city itself is the

wrongdoer"). If Plaintiff wishes to sue Camden County, Plaintiff

must plead facts showing that the relevant Camden County policy-

makers are "responsible for either the affirmative proclamation

of a policy or acquiescence in a well-settled custom." *Bielevicz*

*v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[4] In other words,

Plaintiff must set forth facts supporting an inference that

Camden County itself was the "moving force" behind the alleged

constitutional violation due to its customs and policies.

*Monell*, 436 U.S. at 689.

19.  Moreover, claims against Owens must be dismissed

without prejudice because the Complaint does "[not] allege[] any

personal involvement by [Owens] in any constitutional violation

---

[4] "Policy is made when a decisionmaker possess[ing] final
authority to establish municipal policy with respect to the
action issues an official proclamation, policy, or edict.
Government custom can be demonstrated by showing that a given
course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d
Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).

– a fatal flaw, since 'liability in a § 1983 suit cannot be
predicated solely on the operation of *respondeat superior*.'"
*Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode
v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).
"[Plaintiff's] complaint contains no allegations regarding [the]
[W]arden. 'Because vicarious liability is inapplicable to § 1983
suits, a plaintiff must plead that each Government-official
defendant, through the official's own individual actions, has
violated the Constitution.' Thus, [plaintiff] failed to state a
claim against [the] [W]arden." *Bob v. Kuo*, 387 F. App'x 134, 136
(3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676
(2009)). Here, Plaintiff has not stated a claim that the
supposed overcrowding violated the Constitution in the first
instance. Accordingly, Plaintiff's claims against Owens must be
dismissed without prejudice.

20. Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine
privations and hardship over an extended period of time, and
that were excessive in relation to their purposes. To that end,
the Court shall grant Plaintiff leave to amend the Complaint
within 30 days after the date this Opinion and Order are entered
on the docket, if Plaintiff elects to pursue this claim of
unconstitutionally overcrowded conditions of confinement.

C. **Conditions Of Confinement Claims Regarding Food:**
   **Dismissed Without Prejudice**

21.  Plaintiff complains of food conditions during his
confinement at CCCF: "Plaintiff was forced to eat meals off of
dirty trays from the kitchen, and if you refuse to eat the food
you would not eat or be given a replacement tray . . . Plaintiff
received spoiled food on dirty trays, and the defendants have
done nothing to correct these poor living conditions of . . .
[un]sanitary kitchen where food is stored and prepared which has
problems with rodents and insects" (this claim is referred to in
the Court's Opinion as "the Food Claim"). Complaint § III(C).
For the reasons set forth below, the Food Claim shall be
dismissed without prejudice for failure to state a claim. 28
U.S.C. § 1915(e)(2)(B)(ii).

22.  A failure of prison officials to provide minimally
civil conditions of confinement to pre-trial detainees violates
their right not to be punished without due process of law.
*Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997);
*Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 345-
46 n. 31; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v.
Brennan*, 511 U.S. 825, 835 (1994).[5] Pursuant to the Fourteenth

_____

[5] "[T]he Due Process rights of a pre-trial detainee are at least
as great as the Eighth Amendment protections available to a
convicted prisoner," *Reynolds*, 128 F.3d at 173, and so the
Eighth Amendment sets the floor for the standard applicable to
pre-trial detainees' claims. *Bell*, 441 U.S. at 544.

11

Amendment's Due Process Clause, prison officials must satisfy
"basic human needs -- *e.g.*, food, clothing, shelter, medical
care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25,
32 (1993). *See also Mora v. Camden Cty.*, No. 09-4183, 2010 WL
2560680, at *8 (D.N.J. June 21, 2010) (applying *Helling* to
pretrial detainee). However, "a detainee seeking to show
unconstitutional conditions of confinement must clear a 'high
bar' by demonstrating 'extreme deprivations.'" *Cartegena v.
Camden Cty. Corr. Facility*, No. 12-4409, 2012 WL 5199217, at *3
(D.N.J. Oct. 19, 2012) (citing *Chandler v. Crosby*, 379 F.3d
1278, 1298 (11th Cir. 2004)).

    23.  When a pretrial detainee complains about the
conditions of his confinement, courts are to consider, in
accordance with the Fourteenth Amendment, whether the conditions
"amount to punishment prior to an adjudication of guilt in
accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d
Cir. 2005) ("*Hubbard I*"). In making such a determination, courts
consider: (a) whether any legitimate purposes are served by the
conditions at issue, and (b) whether those conditions are
rationally related to those purposes. *Hubbard II*, 538 F.3d at
232 (quoting *DiBuono*, 713 F.2d at 992). Courts must inquire as
to whether the conditions "'cause [detainees] to endure [such]
genuine privations and hardship over an extended period of time,
that the adverse conditions become excessive in relation to the

purposes assigned to them.'" *Hubbard I*, 399 F.3d at 159-60
(citations omitted).

24.   The objective component of this unconstitutional
punishment analysis examines whether "the deprivation [was]
sufficiently serious" and the subjective component asks whether
"the officials act[ed] with a sufficiently culpable state of
mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007)
(citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v.
Stevenson*, 552 U.S. 1180 (2008).

25.   Here, Plaintiff's Food Claim does not surmount these
constitutional requisites, as it does not satisfy either the
objective or subjective components of the Fourteenth Amendment
Due Process analysis.

26.   The constitutionally adequate diet "must provide
adequate nutrition, but corrections officials may not be held
liable [as to claims of inadequate food] unless the inmate shows
both an objective component (that the deprivation was
sufficiently serious) and a subjective component (that the
officials acted with a sufficiently culpable state of mind)."
*Duran v. Merline*, 923 F. Supp.2d 702, 719-20 (D.N.J. 2013)
(citing *Stevenson*, 495 F.3d at 68 (quoting *Wilson v. Seiter*, 501
U.S. 294, 298 (1991) ("Unconstitutional punishment typically
includes both objective and subjective components")).

27.  Objectively, "[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation." *Duran*, 923 F. Supp.2d at 720 (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "Under the Eighth Amendment, which provides a floor for the rights of pretrial detainees, *see Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003), inmates must be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger' to their health and well-being." *Duran*, 923 F. Supp.2d at 720 (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramons v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)); *Mora*, 2010 WL 2560680, at *8).

28.  Plaintiff has not satisfied this objective requirement. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp.2d at 720 ("So long as the food is nutritionally adequate, the mere fact that it is unvaried or cold does not give rise to a constitutional violation . . .") (citing *Nickles v. Taylor*, Nos. 09-313, 09-557, 09-952, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010) ("A single or occasional incident involving spoiled food is insufficient to show that Plaintiff has been denied life's necessities") and *Blaxton v. Boca Grande Foods*, No. 08-350, 2008 WL 4888852, at *2 (N.D. Fla.

14

Nov. 12, 2008) (complaint that food trays and utensils are not always properly washed does not allege a constitutional claim)).

29.  Here, Plaintiff's allegation that food at CCCF was served on "dirty trays" (Complaint § III(C)) does not rise to even the threshold of the constitutional standard's objective component. Plaintiff does not allege that he or any other inmate became ill, malnourished, or otherwise suffered any injury from the purportedly dirty food trays. Plaintiff does not allege facts sufficient to plausibly show whether dirty trays occurred at each CCCF mealtime or that such condition occurred frequently during the time of his confinement at CCJ. Complaint § III(C). Furthermore, even if Plaintiff's soiled food tray allegations are true, there was no prolonged deprivation of a constitutional magnitude that would suggest that the conditions were intended to punish plaintiff. Plaintiff experienced the supposedly dirty food trays for a little more than one week (Complaint § III(B)), which is far less than even the 60-day conditions that *Bell* found were still not "punishment".

30.  Without any facts that are necessary to demonstrate substantial nutritional deprivation on a recurring basis, Plaintiff has not satisfied the objective prong of the constitutional analysis and so this Court cannot find that Plaintiff has stated a cognizable claim. Occasional incidents during incarceration involving substandard food are insufficient

to show that Plaintiff has been denied life's necessities. Without facts such as the degree of continuity of the contested food occurrences, the particular physical injuries (if any) that the contested food posed to inmate health and well-being, or the injury (if any) Plaintiff actually sustained from such food (beyond more than temporary discomfort or dislike), the Food Claim constitutionally falls short.

31. This result is further warranted by the fact that Plaintiff's Complaint does not satisfy the constitutional standard's subjective component, either. As noted above, Plaintiff must establish that CCCF officials acted with "deliberate indifference" to his needs, meaning that they were subjectively aware of the alleged conditions and failed to reasonably respond to them. *Duran*, 923 F. Supp.2d at 721 (citing *Farmer*, 511 U.S. at 829 and *Mora*, 2010 WL 2560680, at *9). The test for deliberate indifference is "subjective recklessness" as that concept is understood in criminal law. *Duran*, 923 F. Supp.2d at 721 (citing *Farmer*, 511 U.S. at 839-40). Plaintiff has not offered any facts from which this Court can reasonably infer deliberate indifference by anyone at CCCF with respect to the dirty food trays.

32. Given that Plaintiff has failed to demonstrate facts suggesting (a) that the dirty food trays presented an objectively serious risk of nutritional deficiency or other

physical harm (regardless of Plaintiff's dislike of them
(Complaint § III(C)) and (b) that prison officials responsible
for food service knew of that risk and were deliberately
indifferent to it, the Complaint fails to state a claim for
which relief may be granted. Accordingly, Plaintiff's Food Claim
shall be dismissed without prejudice, with leave to file an
amended complaint addressing its deficiencies, within 30 days
after the date this Opinion and Order are entered on the docket,
if Plaintiff elects to pursue this claim of deliberate
indifference to a serious nutritional deprivation

D. **Conditions Of Confinement Claims Regarding Rodents:
Dismissed Without Prejudice**

33. Plaintiff complains of an "[un]sanitary kitchen [at
CCCF] where food is stored and prepared which has problems with
rodents and insects" (hereinafter referred to as Plaintiff's
"Rodent Claim"). Complaint § III(C).

34. This general, non-specific allegation is insufficient
to satisfy either the objective or subjective components of the
Fourteenth Amendment Due Process analysis that was described
above in Section II(C) of this Opinion.

35. As to the test's objective prong, Plaintiff does not
offer any facts that are necessary to show that he was subjected
to genuine privation and hardship over an extended period of
time. While unsanitary living conditions may give rise to a

17

conditions of confinement claim, the Complaint here expresses
nothing but Plaintiff's displeasure with less than perfect jail
conditions ("kitchen has problems with rodents and insects"
(Complaint § III(C)). Plaintiff does not offer any facts that
are necessary to demonstrate that the supposed rodent condition
potentially jeopardized his health or in fact caused any
injuries. The Complaint fails to demonstrate that his housing
conditions were imposed as "punishment."

36.   Moreover, courts have, in fact, "routinely recognized
that '[k]eeping vermin under control in jails, prisons and other
large institutions is a monumental task, and that failure to do
so, without any suggestion that it reflects deliberate and
reckless conduct in the criminal law sense, is not a
constitutional violation." *See*, *e.g.*, *Holloway v. Cappelli*, No.
13-3378, 2014 WL 2861210, at *5 (D.N.J. June 24, 2014) (citing
*Chavis v. Fairman*, 51 F.3d 275, *4 (7th Cir. 1995) (internal
citations omitted)).

37.   As to the constitutional test's subjective prong,
Plaintiff has failed to allege facts showing, or from which this
Court could infer, that any defendants were aware of, and
disregarded, a substantial risk to Plaintiff's health and safety
from the purported rodent and insect situation. The Complaint is
void of facts showing, by way of example, that any defendants
either ignored the alleged rodents and insects at CCCF or denied

18

Plaintiff medical treatment for any health injuries arising from the supposed vermin. Complaint § III(C). As such, Plaintiff's displeasure with the purported rodent and insect situation is not actionable; there are no facts indicating any defendants acted with a culpable state of mind.

38.  Accordingly, Plaintiff's Rodent Claim will be dismissed without prejudice, with leave to amend the complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet its deficiencies as noted herein, if Plaintiff elects to pursue this claim of deliberate indifference to a substantial risk to Plaintiff's health and safety from the alleged rodent and insect situation.

**E.** **Conditions Of Confinement Claims Regarding Inadequate Medical Care: Dismissed Without Prejudice**

39.  Plaintiff complains of alleged inadequate medical care: "Plaintiff broke out in rashes due to dirty showers that have fungus in them and mold . . . Plaintiff was denied medical attention for rashes" (this claim is referred to in the Court's Opinion as "the Inadequate Medical Care Claim"). Complaint § III(C). For the reasons set forth below, the Inadequate Medical Care Claim shall be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

40.  The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical

care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, "substantive due process rights are violated only when 'the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience.'" *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing *County of Sacramento v. Lewis,* 523 U.S. 833, 846–47, n.8 (1998)). *See also Jacobs v. Cumberland Cty. Dep't of Corr.*, No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010) ("When executive action is at issue, a violation of the Fourteenth Amendment right to substantive due process may be shown by conduct that 'shocks the conscience'") (citing *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.,* 372 F.3d 572, 579 (3d Cir. 2004)).

41. Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements: (1) a serious

medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

42. To satisfy the first prong of the *Estelle* inquiry, an inmate must demonstrate that his medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle,* courts consider such factors as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune,* 28 F. Supp.2d 284, 289 (D.N.J. 1998).

43. The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).

Conduct that constitutes negligence does not rise to the level
of deliberate indifference; rather, deliberate indifference is a
"reckless disregard of a known risk of harm." *Holder*, 2005 WL
1522130, at *4 (citing *Farmer*, 511 U.S. at 836). "Furthermore, a
prisoner's subjective dissatisfaction with his medical care does
not in itself indicate deliberate indifference." *Holder*, 2005 WL
152213, at *4 (citing *Andrews v. Camden County,* 95 F. Supp.2d
217, 228 (D.N.J. 2000)). Courts have found deliberate
indifference "in situations where there was 'objective evidence
that [a] plaintiff had serious need for medical care,' and
prison officials ignored that evidence[,] *Nicini v. Morra,* 212
F.3d 798, 815 n.14 (3d Cir. 2000)[,] [and] in situations where
'necessary medical treatment is delayed for non-medical
reasons.' *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d
326, 347 (3d Cir. 1987)." *Natale*, 318 F.3d at 582.

44.  Here, Plaintiff's contention is that he "broke out in
rashes due to dirty showers" and "was given cream off nurse-
medical cart which did nothing to resolve rashes on plaintiff's
body." (Complaint §§ III, IV.) The Insufficient Medical Care
Claim fails to state a Fourteenth Amendment inadequate medical
care claim for purposes of PLRA screening under § 1915.

45.  First, Plaintiff's Complaint sets forth no facts
establishing that his rashes (*id.*) satisfy the "serious
condition" prong of a Fourteenth Amendment claim (*Estelle*, 429

22

U.S. at 106; *Natale*, 318 F.3d at 582): *i.e.*, the Complaint offers no facts that Plaintiff's alleged rashes "(1) ha[ve] been diagnosed by a physician as requiring treatment"; (2) "[were] so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) were a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment claim.

46. Plaintiff's Complaint also sets forth no facts establishing that the response to his rashes satisfy the "deliberate indifference" prong of a Fourteenth Amendment claim. *Estelle*, 429 U.S. at 106. This second *Estelle* element "requires an inmate to show that prison officials acted with deliberate indifference to h[er] serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer*, 511 U.S. at 836). Courts have

23

found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[.] *Nicini,* 212 F.3d at 815 n.14." *Natale*, 318 F.3d at 582.

47.  Here, Plaintiff's bare allegation that he "was given cream off nurse-medical cart which did nothing to resolve rashes on plaintiff's body" (Complaint §§ III, IV) is insufficient, without more, to establish "deliberate indifference" for a Fourteenth Amendment claim under *Estelle.* For example, the severity of Plaintiff's alleged rashes and the potential for harm to Plaintiff from such condition are unclear. *See*, *e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence"). Furthermore, the Complaint states at most a disagreement with the medical attention that was provided, rather than a refusal to provide any care at all.

48.  Therefore, Plaintiff has failed to state a cause of action under the Fourteenth Amendment for deliberate indifference to his rashes while incarcerated at CCCF. These claims will be dismissed without prejudice, with leave to amend the Complaint within 30 days of the date of this Opinion and

Order to meet the pleading deficiencies noted above, including naming the officers or employees as Defendants who are responsible for this alleged violation, if Plaintiff elects to pursue a claim for inadequate medical care.

## F. Conditions of Confinement Claims Regarding Unsanitary Living Space: May Proceed

49.   Plaintiff complains that "lack of cleaning supplies left the cell and floor very nasty." He contends that "there was [sic] no cleaning supplies to clean housing area where plaintiff was housed [and was] forced to sleep and eat" (this claim is referred to in the Court's Opinion as "the Unsanitary Living Space Claim") (Complaint § III(C).) The Complaint can reasonably be read to suggest that Plaintiff attributes his "rashes" and "skin breakout[s]" to "dirty" and "[un]sanitary" conditions. *Id*. These factual allegations regarding the totality of circumstances at CCCF are taken from the Complaint and are accepted for purposes of this screening only, as they are pertinent to consideration of Plaintiff's Unsanitary Living Space Claim. The Court makes no findings as to the truth of these allegations.

50.   "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, the proper inquiry is whether those conditions amount to

punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535-36.

51. "In order to determine whether the challenged conditions of pre-trial confinement amount to punishment, a court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an alternative purpose ... and whether it appears excessive in relation to [that] purpose." *Bell*, 441 U.S. at 538-39.

52. Inquiry into "whether given conditions constitute 'punishment' must consider the totality of circumstances within an institution." *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 996 (3d Cir. 1983). The totality of circumstances inquiry is a "fact-based analysis" unique to "the particular circumstances of each case." *Hubbard II*, 538 F.3d at 234.

53. Plaintiff has alleged he was subjected to unsanitary conditions while confined at CCCF from "Sept. 22 – October 2, 2016" (Complaint § III(B)) and that he developed physical injuries as a result of his living conditions. Plaintiff has also alleged that Owens and BOF failed to implement policies

addressing unsanitary conditions. (*Id.* § III(C)(H) ("Defendants have done nothing to correct these poor living conditions").)

54. Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, his allegations set forth sufficient factual matter to show that his claim is facially plausible. *Fowler*, 578 F.3d at 210. *See also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (with respect to municipal liability, a plaintiff must plead facts showing that the relevant policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom"); *Monell*, 436 U.S. at 689, 691.

55. Accordingly, Plaintiff's Unsanitary Living Space Claim against Owens and the BOF may proceed.

## III. CONCLUSION

56. Plaintiff is advised that, in the event he elects to file an amended complaint, it must plead specific facts regarding the conditions of confinement as to overcrowding, food, rodents, and/or inadequate medical care.

57. Plaintiff should also note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990)

(footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court. The amended complaint shall be subject to screening prior to service.

58.  For the reasons stated above, the Complaint is dismissed in part and shall proceed in part.

59.  The Complaint: (a) is dismissed with prejudice as to the CCCF; (b) is dismissed without prejudice for failure to state a claim arising from conditions of confinement as to overcrowding, dirty food trays, rodents, and inadequate medical care; and (c) may proceed against Owens and BOF as to claims based upon conditions of confinement from unsanitary living spaces.

60.  An appropriate order follows.


| **March 27, 2018** | **s/ Jerome B. Simandle** |
|---|---|
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |